12 MISC 00005

Paula K. Colbath (PC-9895)
Martin C. Fojas (MF-2520)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4905
Facsimile: (212) 407-4990

*Attorneys for Non-Parties*
DAMIEN RIOS and CACIQUES CONSULTING, LLC




**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

HARTFORD LIFE AND ANNUITY INSURANCE COMPANY,

Plaintiff,

v.

DORIS BARNES FAMILY 2008 IRREVOCABLE TRUST, GARY BARNES, as Trustee of the Doris Barnes Family 2008 Irrevocable Trust, JOHANN JOHN JEAN, RENAISSANCE LIFE INSURANCE INVESTMENT TRUST II, and NOVEL CAPITAL VENTURES, LLC,

Defendants.

Filed in connection with a matter pending in the United States District Court for Central District of California:
Civil Action No. 2:10-cv-7560 (C.D. Cal.)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH NON-PARTY SUBPOENA FOR DEPOSITION**

Mr. Damien Rios (referred to herein as "Mr. Rios"), who is not a party to the above-captioned action, submits this Memorandum of Law in support of his motion pursuant to Fed. R. Civ. P. 45 to either quash or set conditions regarding a deposition subpoena served upon his counsel by Plaintiff Hartford Life and Annuity Insurance Company ("Hartford") on December 21, 2011 (the "December 21 Subpoena") on the grounds that the December 21 Subpoena does not comply with the Federal Rules of Civil Procedure; that it would subject Mr. Rios to further harassment by Plaintiff Hartford; and that it constitutes a further breach of the Protective Order issued by Central District of California, which Plaintiff Hartford has repeatedly violated.

**STATEMENT OF FACTS**

Plaintiff Hartford and Defendant Doris Barnes Family 2008 Irrevocable Trust et al. ("Trust") are parties to a lawsuit commenced by Hartford in the United States District Court for the Central District of California. In connection therewith, Plaintiff Hartford issued at least ten (10) subpoenas to non-parties purportedly seeking deposition testimony. Due to the Parties' own discovery disputes, the close of discovery was delayed, including non-party depositions. *See, e.g.*, C.A. No. 2:10-cv-7560 (C.D. Cal.), Dkt. Nos. 57-59, 63, 65, 68-71, 76-77, and 81-82. Ultimately, Plaintiff Hartford's failure to comply with certain of its discovery obligations resulted in sanctions being imposed against Hartford on November 4, 2011. C.A. No. 2:10-cv-7560 (C.D. Cal.), Dkt. No. 77.

On November 3, 2011, the day before such sanctions were imposed on Hartford, Hartford served numerous subpoenas, including a subpoena on Mr. Rios, for the purpose of avoiding what Hartford's counsel acknowledged was a "looming discovery cut-off." (Rios Decl. ¶ 6) Mr. Rios indicated to Hartford that he would be available to be deposed on November 18, 2011, and Mr. Rios voluntarily appeared for deposition that day. (Rios Decl. ¶ 10)

During Mr. Rios' November 18, 2011 deposition, his counsel, on the record, designated the deposition transcript as "Confidential" under the Stipulated Protective Order issued by the Central District of California in this case. *See* (Rios Decl. ¶ 7, Ex. B). The Stipulated Protective Order, dated June 13, 2011, permits designation of deposition testimony as Confidential: "Deposition testimony may be designated as Confidential by an indication on the record at the deposition... ." C.A. No. 2:10-cv-7560 (C.D. Cal.), Dkt. No. 56, at ¶ 4(c) (annexed to the accompanying Rios Declaration as Exhibit A). A designation of materials as Confidential under the Stipulated Protective Order prohibited disclosure of such materials to the general public or to any person or entity other than those specifically enumerated in the Stipulated Protective Order. (Rios Decl., Ex. A ¶ 5) At any time after such materials were designated Confidential, however, a Party could challenge the designation by following the procedures set forth in the Stipulated Protective Order, including providing written notice to the designating party, conferring with the designating party, and subsequently filing a motion with the court. (Rios Decl., Ex. A ¶ 7)

On or about December 8, 2011, Mr. Rios became aware that Hartford had filed a motion for summary judgment which contained citations to and extensive quotations from his deposition, as well as citations to and quotations from his partner Mr. Clark Crawford's deposition. *See* C.A. No. 2:10-cv-7560 (C.D. Cal.), Dkt. No. 87. Plaintiff Hartford had not challenged the Confidential designation of these deposition transcripts prior to placing the Confidential material in the public domain. (Rios Decl. ¶ 16) Thus, Hartford was required to file such citations to and quotations from Messrs. Rios' and Crawford's depositions under seal pursuant to paragraph 11 of the Protective Order. (Rios Decl. Ex. A) After multiple requests that Hartford remove the improperly filed legal memorandum from the docket and file a properly redacted version (which Mr. Rios' counsel provided to Hartford's counsel) under seal, Hartford

filed a different redacted brief and failed to redact all statements that required redaction. *See* C.A. No. 2:10-cv-7560 (C.D. Cal.), Dkt. No. 119. To date, Messrs. Rios' and Crawford's confidential information remains in the public domain. *See id.*; Rios Decl. ¶ 19.

On December 14, 2011, Hartford notified Mr. Rios' counsel of its wish to take a second deposition of Mr. Rios, purportedly based on two documents – a May 1, 2008 e-mail and an April 22, 2008 e-mail, which Hartford did not use at Mr. Rios' first deposition. The May 1, 2008 e-mail was produced to Plaintiff's counsel prior to Mr. Rios' November 18, 2011 deposition. Without including Mr. Rios or his counsel, the Parties brought the issue of a second deposition of Mr. Rios to the Court's attention during a December 19, 2011 telephone status conference. (Rios Decl. ¶ 21) During this conference – and without the benefit of having Mr. Rios' objections before it, including the objection that Hartford had violated the Stipulated Protected Order – the Court allowed Hartford to issue a second subpoena to Mr. Rios in spite of the discovery cut-off, and limited the questioning to the two aforementioned e-mails and to 30 minutes or less. *See* C.A. No. 2:10-cv-7560 (C.D. Cal.), Dkt. No. 124 (annexed to the accompanying Rios Declaration as Exhibit E).

On December 21, 2011, Mr. Rios was served with another deposition subpoena scheduling a second deposition on January 6, 2011. The December 21 Subpoena was not accompanied by the requisite check for the fees for attending the deposition (Rios Decl. ¶ 24) as required under Fed. R. Civ. P. 45(b)(1) – "Serving a subpoena requires delivering a copy to the named person and, **if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law**." (Emphasis added). In an effort to resolve the dispute as to Plaintiff Hartford's disclosure of Messrs. Rios' and Crawford's confidential information to the public, Mr. Rios' counsel e-mailed Plaintiff's counsel on

December 29, 2011 requesting that the properly redacted version of Hartford's brief be filed (and the improperly redacted one removed), and that Hartford affirm that it will strictly comply with the Central District of California's Protective Order with respect to the Mr. Rios' and Caciques Consulting, LLC's second deposition. Hartford refused.

Due to Hartford's conduct thus far, Mr. Rios is not willing to appear for a second deposition unless and until Hartford complies with the Stipulated Protective Order with respect to Mr. Rios testimony at his first deposition and provides Mr. Rios with assurances that any confidential information gathered from his second deposition will remain confidential and not be placed in the public domain.

Accordingly, pursuant to Fed. R. Civ. P. 45, Mr. Rios hereby moves the Court to quash the December 21 Subpoena or, in the alternative, to condition the subpoena on Hartford's compliance with the Stipulated Protective Order with respect to both the first and second depositions of Mr. Rios. As is further discussed below, Hartford has violated and continues to violate the Central District of California's Stipulated Protective Order, causing Mr. Rios' (and others') confidential information to remain in the public domain. Furthermore, Hartford's request for a second deposition of Mr. Rios based on two documents (one of which it was in possession of at the time of Mr. Rios' first deposition) subjects Mr. Rios to undue burden, annoyance and oppression, and represents discovery abuse by Hartford as well as an attempt to harass Mr. Rios. For these reasons, and for the reasons set forth below, Mr. Rios respectfully requests that the Court grant this Motion to Quash and/or set conditions with regard to the December 21 Subpoena.

## ARGUMENT

### A. Hartford is Continuing to Engage in Harassing Behavior and Remains in Violation of the Protective Order

Hartford has embarked on a course of harassment designed to embarrass Mr. Rios and his current company, Volios Group LLC, and to dissuade the public from engaging the services of Volios Group LLC. This is evident from Hartford's summary judgment papers which goes beyond skewing the truth of Mr. Rios', Caciques Consulting, LLC's, and Volios Group LLC's roles with respect to the Trust – for example, Hartford not once mentions Caciques Consulting, LLC in any of its summary judgment papers, and instead erroneously and improperly describes the activities of Caciques Consulting, LLC as activities of Volios Group LLC. Hartford's request for a second deposition of Mr. Rios is designed solely to harass and embarrass Mr. Rios – Mr. Rios has already testified as to his knowledge of the events surrounding the sale of the beneficial interest of the Trust. There is nothing more to ask.

In fact, Mr. Rios was deposed by Plaintiff's counsel on November 18, 2011 for just over three and a half hours although he was available for the day. (Rios Decl. ¶ 13) Before the deposition, the May 1, 2008 e-mail had already been produced to Plaintiff Hartford by the Trust, and given that Hartford willingly asked questions of Mr. Crawford at his deposition about a stack of documents that were produced at his deposition, Hartford's counsel could easily have questioned Mr. Rios about a document it received prior to his November 18, 2011 deposition. Instead, Hartford elected not to so that it could continue its egregious behavior towards Mr. Rios, Volios Group LLC, and Caciques Consulting, LLC.

Furthermore, Plaintiff continues to be in breach of the Central District of California's Confidentiality Order and refuses to take any action to rectify the harm that they have caused and continue to cause to Messrs. Rios and Crawford, Volios Group LLC, and Caciques Consulting,

LLC. Thus, until Plaintiff removes all materials designated Confidential from the public domain and agrees to comply with the Stipulated Protective Order with respect to all testimony designated Confidential in the future, Mr. Rios does not agree, and should not be required, to appear for a second deposition and risk further confidential information being divulged to the public.

**B. Hartford's December 21 Subpoena is Deficient.**

In addition to the substantial and undue burden Hartford seeks to impose on Mr. Rios and its egregious harassment of Mr. Rios, the December 21 Subpoena is fatally defective for failure to comply with Rule 45 and, if Hartford refuses to comply with its obligations regarding Confidential discovery materials, may be quashed on this basis alone. Under Fed. R. Civ. P. 45(c)(3)(A)(iv), the Court may quash any subpoena that subjects the recipient to undue burden. Nova Biomedical Corp. v. i-STAT Corp., 182 F.R.D. 419, 422-23 (S.D.N.Y. 1998). In addition, Rule 45 required Hartford, among other things, to provide Mr. Rios with fees for one day's attendance, plus mileage costs and to provide Mr. Rios with reasonable time to comply. Fed. R. Civ. P. 45(c)(3). Hartford has failed in each of these respects.

First, Hartford has failed to provide Mr. Rios with any witness fees to date, although such fees were required to be tendered to Mr. Rios together with service of Hartford's December 21 Subpoena. On several occasions, this Court has previously held that the failure to tender fees with a subpoena renders service of the subpoena invalid. Song v. Dreamtouch, Inc., No. 01 Civ. 386 (AGS), 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001). Thus, Hartford's subpoena was not properly served and may be immediately quashed.

Similarly, Hartford failed to serve its December 21 Subpoena properly since it was not delivered sufficiently in advance of the scheduled deposition. See Brown v. Hendler, No. 09 Civ. 4486 (RLE), 2011 WL 321139, at *2 (S.D.N.Y. 2011) (although Rule 45 does not define

"reasonable time," nine day's notice was insufficient time to require deponent to appear for deposition). Despite having more than a month following Mr. Rios' initial deposition on November 18, 2011 to serve Mr. Rios with a second subpoena, Hartford waited until the eve of the holiday season to serve Mr. Rios (December 21, 2011) and noticed the second deposition for January 6, 2012. Hartford's conduct not only constitutes harassment of a non-party during the holiday season, but provides such non-party woefully deficient notice or opportunity to adequately respond.

Finally, as previously discussed, Plaintiff's December 21 Subpoena needlessly requires Mr. Rios to appear for yet a second deposition, regardless that Mr. Rios previously subjected himself to a deposition by Hartford, and Hartford's counsel had ample opportunity to address all of its questions to Mr. Rios at his first deposition. Now, because Hartford failed to prepare adequately for Mr. Rios' first deposition, Hartford now seek to require Mr. Rios to submit to a second deposition in order to correct its failure. This Court should not countenance such professional negligence in the conduct of non-party depositions by Plaintiff Hartford – which has already been subjected to discovery sanctions in this action – and certainly should not require Mr. Rios to bear additional burdens due to Plaintiff's inadvertence. This Court is fully empowered to deny Plaintiff an opportunity to continue to harass a non-party, *see* 18 C.F.R. § 385.410(c)(1), and should require Hartford to comply with the Stipulated Protective Order as a condition to the subpoena or quash Hartford's subpoena in order to send an appropriate message to the litigants regarding their treatment of non-party witnesses' confidential information.

## CONCLUSION

Plaintiff Hartford's continued egregious conduct and failure to comply with the express terms of the Stipulated Protective Order continues to place an undue burden on Mr. Rios and

subjects him to further harassment. In addition, Hartford's myriad failures to comply with the Federal Rules of Civil Procedure in issuing the December 21 Subpoena renders the subpoena a nullity. Accordingly, the Court should issue an order quashing the December 21 Subpoena or requiring Hartford, as a condition to the subpoena, immediately remove all materials designated Confidential from the public domain and require Hartford to comply with the Stipulated Protective Order with respect to any and all depositions of Mr. Rios, Caciques Consulting, LLC, and Volios Group LLC.

Dated: New York, New York
January 6, 2012

LOEB & LOEB LLP

By: ______________________
Paula K. Colbath (PC-9895)
Martin C. Fojas (MF-2520)
345 Park Avenue
New York, New York 10154
(212) 407-4000

*Attorneys for Non-Party Damien Rios and Caciques Consulting, LLC*